FILED
SUPERIOR COURT
OF GUAM

2020 MAY 27  AM 10: 01

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GUIDO GALLUCCI, | Domestic Case No. DM0601-18 |
| **Plaintiff,** | |
| vs. | **DECISION AND ORDER** |
| | Motion for Summary Judgment & Default |
| **MICHELLE LYNN GALLUCCI,** a/k/a **MICHELLE L. CRONK,** | Judgment and Counter-Motion to Dismiss |
| **Defendant.** | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 31, 2020, upon the Plaintiff's Motion for Summary Judgment and Default Judgment as well as the Defendant's Counter-Motion to Dismiss. The Plaintiff **Guido Gallucci** ("Gallucci") is represented by Attorney Daniel J. Berman. The Defendant **Michelle Lynn Gallucci** a/k/a **Michelle Lynn Cronk** ("Cronk") is represented by Attorney Daniel S. Somerfleck. Having reviewed the parties' written and oral arguments, together with their legal authorities presented, the Court hereby **DENIES** Gallucci's Motion for Summary Judgment and Default Judgment and **GRANTS** Cronk's Counter-Motion to Dismiss.

## BACKGROUND

This matter concerns the dissolution of marriage between Gallucci and Cronk following this Court's Decision and Order issued on October 28, 2019. The parties married on February 14, 2009 and physically separated in November 2013. Dec. & Order at 2 (Oct. 28, 2019). On November 1,

2018, Gallucci filed a Verified Complaint for Divorce with the Superior Court of Guam. Cronk filed a separate action for divorce in New York on December 19, 2018, and moved to dismiss Gallucci's Complaint on January 9, 2019. On October 28, 2019, this Court issued a Decision and Order ultimately denying a dismissal. ("The new issues prove that the factual record should be further developed to inform the Parties of which material facts are at issue and which are undisputed.") Dec. & Order at 6 (Oct. 28). Shortly after, Gallucci alleges he wrote to Cronk requesting that she stipulate to dissolve the marriage. Gallucci Opp'n to Counter-Mot. at 2. She did not respond. Id. On November 18, 2019, Gallucci filed the instant Motion for Summary Judgment and Default Judgment. Cronk filed her dual Opposition and Counter-Motion to Dismiss on December 16, 2019. Gallucci filed a Reply in support of his summary judgment motion on December 30, 2019. He later filed an Opposition to Cronk's Counter-Motion to Dismiss on January 13, 2020. On January 31, 2020, the Court heard oral arguments on all motions, taking them under advisement. At present, Cronk's case in New York remains undecided. Gallucci Decl. at ¶ 10.

## DISCUSSION

Gallucci argues there are no material facts in dispute and so he is entitled to summary judgment as a matter of law. See Mot. Summ. J. and Default J. (Oct. 18, 2019). He further requests a default judgment as Cronk had not filed since the Decision and Order issued in October 2019. See Id. Cronk opposes summary judgment and a default judgment in her dual Opposition and Counter-Motion. See Opp'n to Mot. Summ. J. and Counter-Mot. Dismiss (Dec. 16, 2019).

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Guam R. Civ. P. ("GCRP") 56(c). A genuine dispute "is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact finder." Hawaiian Rock Products Corp. v. Ocean Housing, Inc., 2016 Guam 4 ¶ 26. The dispute must concern a material fact, as in a fact "that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." Bank of Guam v. Flores, 2004 Guam 25 ¶ 8. The initial burden rests on the movant to show that "undisputed facts in the record support a *prima facie* entitlement to the relief requested."

*Hawaiian Rock*, 2016 Guam 4 ¶ 27. If met, the burden then shifts to the non-movant "to set forth specific facts showing there is a genuine issue for trial." *Gayle v. Hemlani*, 2000 Guam 25 ¶ 21 (citations omitted); GRCP 56(e). Bare allegations and mere denials do not create a factual dispute; the non-movant must "produce at least some probative evidence tending to support the complaint." *Iizuka Corp. v. Kawasho Intern. (Guam), Inc.*, 1997 Guam 10 ¶ 8 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). Evidence is viewed and inferences are resolved in the light most favorable to the non-movant. *Id. Helmani v. Hemlani*, 2015 Guam 16 ¶ 13.

### A. The Court's Jurisdiction Over the Parties Was Limited by Divisible Divorce.

The concept of divisible divorce grants a tribunal *limited* jurisdiction over the dissolution of the *marital relationship* so long as that tribunal maintains jurisdiction over at least one party. *Speicher v. Speicher*, 2013 Guam 11 ¶¶ 14, 18, 20. Accordingly, this Court found Gallucci was entitled to a divorce based on irreconcilable differences as he had proven to be a permanent resident of Guam. Dec. & Order at 5-6 (Oct. 28). This Court analogized the circumstances here to those in *Speicher* by stating:

> Despite Cronk's contentions, the matter at hand closely resembles *Speicher*. In *Speicher*, the wife first filed for divorce in Hawaii. Then, the husband also filed the same in Guam, stating irreconcilable differences. The husband owned a Guam driver's license, worked in Guam and filed income tax to Guam. In contrast, the wife had never resided in, worked in or visited Guam. She resided in Hawaii, the location of some marital property. Thus, the wife filed a motion for dismiss for lack of personal jurisdiction, stating she lacked certain minimum contacts with the forum. The Supreme Court of Guam held that *despite lacking personal jurisdiction over the wife, dismissal of the complaint was improper as Guam could still grant the dissolution of the marriage.* Guam maintained jurisdiction over the matter because the husband was a Guam resident; thus, dissolution was possible through divisible divorce. *Speicher* at ¶ 24.
>
> Here, both Parties filed for divorce in different jurisdictions: Gallucci in Guam and Cronk in New York. Cronk also filed a Motion to Dismiss against Gallucci's Complaint. She argued a lack of personal jurisdiction as she had never worked in, resided in or visited Guam. However, Gallucci argues he established residency on Guam since December 2013, when his employment required relocating. (Gallucci Decl. at ¶ 20.) While Cronk does not dispute Gallucci's reason for relocating, she avers Gallucci was in New York in June, July and August 2018. (Cronk Decl. at ¶ 3.) *The Court finds dismissing Gallucci's Complaint would be improper for the same reasons as *Speicher*.*
> /

Dec. & Order at 3-4.

While the Court did not make an explicit finding as to Cronk's residency like it did with

Gallucci, it still follows that the comparison of Cronk's circumstances to the identical ones in Speicher would lead to the same reasoning and conclusion, that is: the selected tribunal could not decide on matters outside the marital relationship status since it lacked the necessary jurisdiction over the opposing party. Similar to its previous finding, this Court cannot rule outside the scope of the parties' marital relationship status because it does not have proper jurisdiction over Cronk.

The Court's previous holding was deliberately limited as the applicable issue being adjudicated only required jurisdiction over one party, which Gallucci readily satisfied. Dec. & Order at 5 (Oct. 2019) ("Here, the Court may maintain jurisdiction, but *only* over the dissolution of marriage.")[1] A court cannot extinguish one's right to property without having proper jurisdiction over that party. See Vanderbilt v. Vanderbilt, 354 U.S. 416, 418 (1957) ("Since the wife was not subject to its jurisdiction, the Nevada divorce court has no power to extinguish any right which she had under the law of New York to financial support from her husband.") The Full Faith and Credit Clause has the dual-effect of allowing one tribunal authority over one issue while the second tribunal has authority over the rest; thus, each could adjudicate without overstepping the other. Speicher, 2013 Guam 11 ¶ 16 ("The U.S. Supreme Court held that under the Full Faith and Credit Clause . . . New York had to respect Nevada's dissolution of the marriage relationship, but Nevada could not remove the wife's intangible property interests . . . without *in personam* jurisdiction.")

Under Guam law, a court must make a finding as to a party's residency when challenged. 19 GCA § 8320. In the last motion, Guam's jurisdiction was challenged through an inquiry into Gallucci's residency; now, the same is happening of Cronk. In accordance with its previous decision, the Court finds it does not have any jurisdiction over Cronk – personal or otherwise – as she had not availed herself to Guam and so minimum contacts cannot exist. Therefore, Guam has no authority to decide matters pertaining to Cronk if they lie outside the sole issue of marital status.

**B.    The Court Determines New York To Be a More Appropriate Forum.**

Previously, dismissal of this matter was denied in order to allow the parties opportunity to further develop the record as the only issue ripe for ruling had been severance of the martial status. Dec. & Order at 6 (Oct. 2019). Although two additional motions were brought before the Court, the

---

[1] In this instance, the Court intended "dissolution of the martial relationship" specifically. This clarification aligns with the Guam Supreme Court's finding in Speicher. See generally Speicher, 2013 Guam 11. See also *supra* 3 "Section A."

status of the record remains unchanged. Instead of using the interim months for factual development, bare allegations continue to deprive the record of probative value.[2] This Court further stated, "[D]ivisible divorce would allow the Parties' dissolution of marriage and other disputed issues to move forward– separately– in the jurisdiction deemed proper, satisfying certain public policy interests." Though no jurisdiction was specified then, it is now apparent to the Court that a change of venue is necessary here under the doctrine of *forum non conveniens*.

"*Forum non conveniens* . . . invok[es] the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action may be more appropriately and justly tried elsewhere." Stangvik v. Shiley Inc., 819 P.2d 14, 17 (Cal. 1991) (citations omitted). Moreover, it also serves the important purpose of balancing public and private interests to determine the appropriateness of a forum. Speicher, 2013 Guam ¶ 10 (citing PCI Commc'ns, Inc. v. GST Pacwest Telecom Haw., Inc., 1999 Guam 17 ¶ 41). The factors of *forum non conveniens* include: "relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; … and all other practical problems that make trial of a case easy, expeditious and inexpensive." PCI Commc'ns, Inc., 1999 Guam 17 ¶ 42 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

Although Cronk was not the first to file, New York is still the superior forum to decide the parties' issues when compared to Guam. New York has both general and specific jurisdiction over the parties as they married there, Cronk is a resident, and Gallucci has – at the very least – established minimum contacts.[3] For this matter to progress, material facts must be resolved. Here, the parties continue to dispute critical facts by asserting tenuous conclusions without probative evidence. For instance, the existence or nonexistence of community property and debts remain a dominant issue. Cronk contests Gallucci's assertions that none exists. See Cronk Decl. (Jan 9). See also Opp'n to Counter-Mot. at 2 and Reply to Opp'n at 2. On the other hand, Gallucci repeatedly

---

[2] Gallucci's supplements only support the issue of his residence which is already resolved. His documents have no bearing towards the remaining issues of community property, debt or spousal support. All other statements Gallucci purports as evidence are merely allegations without proof. See *infra* n. 3.

[3] Although he argues against New York as an appropriate forum, he does acknowledge facts which tend as proof of his minimum contacts with New York. See Opp'n to Counter-Mot. at 5 ("While the parties were married in New York and lived there when their marriage was consummated, Guido's employment by an airline required relocation to Guam; he permanently resides here since December 2013.")

stresses that the house Cronk purports to be community property was sold and divided to their mutual satisfaction. Id. This however ignores all other aspects of Cronk's statements, including his own, "However, during their marriage and while living together, neither [Gallucci] individually nor [Gallucci] and [Cronk] as a couple acquired any real property, house, cars, trusts or joint bank accounts that exist today." See Gallucci Decl. at ¶ 22 (Feb. 8) and Opp'n to Mot. Dismiss at 6. See also Cronk Decl. (Jan. 10). Gallucci further states, "[Cronk] asserts that two joint back accounts, a car insurance policy, and a rental insurance policy remain as community property. But, she declined to identify any purported value for these alleged items," and "[a]ll proceeds of that real property sale were divided to the satisfaction of [Cronk]." Reply to Opp'n at 2, 4-5. He argues Cronk fails to provide any proof of purported community property or debt while doing the same himself.[4] Both parties detail personal narratives concerning community property, yet also fail to provide substantive evidence probative of truth. See Opp'n to Mot. Dismiss at 6. See also Cronk Decl. (Feb 20).

The Court reiterates that bare allegations and mere denials do not create factual disputes; there must be "some probative evidence tending to support the complaint." Iizuka Corp., 1997 Guam 10 ¶ 8 (citing Anderson, 477 U.S. at 242). The parties also dispute the crucial fact of their date of separation, which Gallucci avers the Court decided as December 10, 2013. Oral Argument (Jan. 31); Gallucci Decl. at ¶ 7 (Nov. 29). However, this is untrue as the Court specifically wrote, "In November 2013, the Parties physically separated." Dec. & Order at 2. The Court made no finding regarding their legal date of separation and instead opted to use specific language to avoid this precisely. These critical facts must be resolved in order to progress this matter; however this tribunal is without means to do so. On the contrary, New York has better access to records, witnesses and other sources of proof, which provides more efficient and accurate information. Thus, compared to Guam, New York is a more appropriate forum under factors of *forum non conveniens*. Gallucci acknowledges that although courts will generally respect a plaintiff's choice of forum, it is not decisive law. See Opp'n to Counter-Mo. at 3-4. Under the Full Faith and Credit Clause, New York

---

[4] Compare "In her New York divorce action, Michelle alleges without clarification or detail that some vague form of marital personal property remains in New York. *See* Supplemental Filing, NY Compl. ¶ 6." Gallucci Opp'n and Gallucci Opp'n to Mot. Dismiss 6 to Counter-Motion and "There is no undivided community property acquired by the parties, [Verified Complaint] ¶ VII, and the separate property acquired by the parties has been divided. Id. ¶ VIII." Gallucci Opp'n to Counter-Motion 1-2, 6; Gallucci Reply to Opp'n 1-4; Gallucci Decl. ¶ 9 (Nov. 29); Gallucci Opp'n to Mot. Dismiss 1; and Gallucci Mot. Leave or Strike 2 See also *supra* n. 1.

would be able to adjudicate the parties' matters while still respecting Guam's jurisdiction. See Speicher, 2013 Guam ¶ 10 (citing PCI Commc'ns, Inc., 1999 Guam 17 ¶ 41). Thus, severing the parties' martial relationship alone would not trigger other auxiliary matters. See In re Marriage of Gray, 251 Cal. Rptr. 846, 850 (1988).

In its last Decision and Order, the Court was deliberate when it limited its findings to the sole issue of the parties' marital relationship. It believed the record, as it was then, was deficient of substantial proof which was necessary to make additional findings. Even now, the same issue remains. This Court's previous verdict was limited when it found that divisible divorce allowed sole severance of the marital relationship. Dec. & Order (Oct. 2019). Now, this Court finds a change of venue to New York is the proper decision to resolve the parties' remaining issues under the analyses of *forum non conveniens* and personal jurisdiction.

## CONCLUSION

By preponderance of the evidence and based on the foregoing conclusions, the Court hereby **ORDERS** and **ADJUDGES** the following:

1. Gallucci's Motion for Summary Judgment and Default Judgment is **DENIED**.

2. Cronk's Counter-Motion to Dismiss is **GRANTED**.

3. Gallucci shall be granted judgment decreeing dissolution of marriage on the grounds of irreconcilable differences.

4. Cronk shall be granted judgment decreeing dissolution of marriage on the grounds of irreconcilable differences.

5. No party is to receive attorney's fees. Each party shall bear their own costs.

A **Further Proceedings** hearing will be held on _____ 6/3 _____ 2020. at 10:30 a.m.

**SO ORDERED** this 27 day of May 2020.

The Honorable Anita A. Sukola
Judge, Superior Court of Guam